**Clifford PIVA, Defendant, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 6874.**

United States Court of Appeals
First Circuit.

Dec. 18, 1967.

Monroe L. Inker, Boston, Mass., with whom Crane, Inker & Oteri, Boston, Mass., was on brief, for appellant.

Harold J. Keohane, Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., and Edward J. Lee, Asst. U. S. Atty., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Clifford Piva appeals from a conviction for armed robbery of a federally insured bank. 18 U.S.C. § 2113(a) and (d). The principal question * relates to the court's denial of a motion to suppress evidence.

---

* Although we agree with defendant's assertion that a court's denial of a bill of particulars is, under modern decisions, subject to more than pro forma review, the meticulous details here refused were outside the function of such a request.

Briefly, on August 26, 1966 a bank in Lynn, Massachusetts, was robbed at 10:45 a. m. At 1:30 p. m. the culprits were arrested, without a warrant, by the FBI in, or in the case of the defendant, as they emerged from an apartment in Revere. The money stolen was found inside the apartment, as were four guns resembling those observed during the robbery. Defendant claims the agents lacked probable cause to arrest or, alternatively, that they were unreasonable in failing to obtain a warrant.

██ No purpose would be served in relating the television-type scenario of the operations of the FBI in this case, which obviously were of the highest diligence. They led, among other things, to the *identification of a photograph of one* of the robbers (Ryan) by two witnesses at about 12:50 and the observation of Ryan entering the apartment, carrying a paper bag. The contention that the officers did not have probable cause to arrest is too farfetched to merit discussion. So, too, is the claim that they should first have sought a warrant. Five armed robbers with $50,000 in hot (or cold) cash, moving in and out of the area in three automobiles, are not to be compared with a peaceful, unsuspecting opium smoker, Johnson v. United States, 1948, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436, in her hotel room. See Warden, Md. Penitentiary v. Hayden, 1967, 387 U.S. 294, 297–300, 87 S.Ct. 1642, 18 L.Ed.2d 782; cf. Ker v. State of California, 1963, 374 U.S. 23, 41–42, 83 S.Ct. 1623, 10 L.Ed.2d 726; Cali v. United States, 1 Cir., 1964, 338 F.2d 974, cert. denied 380 U.S. 958, 85 S.Ct. 1096, 13 L.Ed.2d 974.

██ Defendant's further contentions we would characterize even less generously. One is that if the officers had not waited outside the apartment a short, but allegedly unreasonable time, all of the robbers, and the money, would not have arrived, and the arrest would have been unsuccessful. Another, to which defendant devotes several pages in his brief, is that taking the money, which was lying on a bed three feet from one of the arrestees, and searching luggage for guns, was an unreasonable search attendant upon an arrest. Warden v. Hayden, supra; United States v. Rabinowitz, 1950, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653. We, of course, approve that defendants press an appeal as of right if there is any possibility of error. This does not mean that our time should be taken up with utter frivolities. Cf. Anders v. State of California, 1967, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; Schlinsky v. United States, 1 Cir., 1967, 379 F.2d 735, 738–739, cert. denied 389 U.S. 920, 88 S.Ct. 236, 19 L.Ed.2d 265.

Affirmed.