**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Anthony Charles DURHAM, Defendant-Appellant.**

**No. 16656.**

United States Court of Appeals
Seventh Circuit.
May 2, 1969.

---

John G. Stifler, Raymond, Mayer, Jenner & Block, Chicago, Ill., for defendant-appellant, Anthony Charles Durham.

K. Edwin Applegate, U. S. Atty., Daniel P. Byron, Asst. U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before DUFFY, Senior Circuit Judge, and KILEY and SWYGERT, Circuit Judges.

DUFFY, Senior Circuit Judge.

On the morning of January 9, 1967, at about 10:30 a. m., two masked men robbed a branch of the American Fletcher National Bank and Trust Company of Indianapolis, and took $10,376.00 in United States currency. The serial numbers of a portion of the bills stolen were pre-recorded.

The robbers were in the bank for about forty-five seconds. The shorter of the two robbers wore a coat, hat and gloves. He brandished a pistol. His face was only partly covered with a handkerchief.

The second robber was completly disguised. He had black hair, wore dark rimmed no-tint glasses, a hunting-type cap, gloves, a dark leather coat and he brandished a sawed-off shotgun. One of the robbers carried a radio that monitored police calls during the robbery.

At the trial, Morris Lynn Johnson, identified himself as the shorter of the two robbers who held the pistol. Defendant Durham at all times has denied participating in the robbery.

The principal issues raised by the defendant may be stated as 1) whether the evidence viewed in the light most favorable to the Government is sufficient to sustain the conviction; 2) whether the search of appellant's apartment made immediately after his arrest was reasonable; 3) whether prejudicial error was committed by the trial court in instructing that defendant could be found guilty as a principal if he aided and abetted Morris Johnson in perpetrating the robbery; and 4) whether error was committed by the failure of the trial court to give an instruction with reference to an accessory after the fact.

About January 5, 1967, FBI agents received information from an informer, whose name was not disclosed at the trial, that defendant was living in an upstairs apartment at a certain address in Indianapolis, Indiana; that a man known as Morris Johnson was spending considerable time at this apartment; that defendant had dyed his hair black; that numerous firearms including a sawed-off shotgun were in the apartment, and that defendant had purchased an automobile for a female acquaintance.

At a hearing to suppress the evidence, an FBI agent testified that his informant was known to be a personal acquaintance of the defendant, and that the office of the FBI in Indianapolis had known the informant for at least three years; that on several occasions the agent had obtained information from this informer leading to the arrest and conviction of certain persons.

The agent further testified that he tested the informer's reliability by locating the vehicle which the defendant had purchased, and that he checked the registration of same and found all of the information furnished by the informer as to the automobile to be accurate.

Before the date of the bank robbery, FBI agents knew that Morris Johnson was an escaped federal prisoner, and that defendant was wanted as a suspect in another robbery.

Shortly after the bank robbery hereinbefore described, FBI agents interviewed witnesses and obtained information as to the appearance of the robbers and the clothing which they wore. They also obtained descriptions of the weapons which had been carried by the robbers.

Photographs taken of the robbers by a bank camera were examined by the FBI agents, and positive identification was made of Morris Johnson. The FBI agents considered defendant Durham as a most likely suspect for the second robber. At 3:30 p. m., an agent went to the situs of the apartment and went into the first floor apartment. The occupant of that apartment identified defendant Durham from a photograph.

At about 5:30 p. m., the agent in the first floor apartment observed Morris Johnson proceeding up the stairs to defendant's apartment. He was not carrying in his arms or hands any article such as clothing or a shotgun.

Shortly before 6 p. m., a group of FBI agents arrived. One of them called upon the occupants of defendant's apartment to come out with their arms up. The occupants could be heard moving about in the second floor apartment, and the sound of moving furniture or some other heavy objects could also be heard.

Defendant Durham and Johnson appeared. Durham wearing glasses, asked if they were police or FBI men. Johnson and Durham were told to proceed down the stairway at that time. At the bottom of the stairway, defendant and Johnson were taken into custody. The agents noted defendant Durham's hair was black.

As defendant Durham and Johnson left the stairway, several agents immediately ascended the stairs and went into defendant's apartment through an open door. They searched the apartment to ascertain if anyone were hiding therein, and also for weapons and contraband.

An agent testified it would have taken one and a half to two hours to obtain a search warrant, and that the FBI agents believed defendant and Johnson would have fled the area if given the opportunity to do so.

The search of the apartment disclosed a dark leather coat hanging in the front room closet. This coat was very similar to the coat described by witnesses as being worn by the second robber. Also, the agents found inside a footlocker located on top of the bed, a loaded shotgun and a hunting-type cap which matched the description of the cap as having been worn by the second robber. The gun found also was similar to the description that witnesses had given as to the weapon carried by the second robber. Also found was a small transistor radio which monitored police calls. These items had been placed in the footlocker on top of a woman's underclothes.

FBI agents found $3,360.00 in United States currency stuffed in a couch in the living room of the apartment. Some of the serial numbers on this currency matched the serial numbers of the currency that had been taken in the bank robbery.

At the time of the arrests, $1,286.00 in United States currency was found in Johnson's billfold. No currency was found in the billfold belonging to defendant Durham.

When defendant Durham was arrested, it was noted he was wearing shoes with 2½ to 3 inch heels. He also had a pair of dark rimmed, prescription, no-tint glasses in his pocket.

Proof was made that when defendant rented the apartment under an assumed name, he had brown hair. However, at the time of the robbery, he had black hair. At the time of the trial, he again had brown hair.

■ We hold that based upon the testimony received in evidence, some of which has been heretofore noted, together with the reasonable inferences that can be drawn therefrom, there is, in this record, substantial, credible evidence which fully warranted the jury in bringing in a verdict of guilty.

In addition to the defense of lack of identification, defendant insists that his

arrest was invalid as not based on probable cause; that the search made was not incidental to his arrest, and that the search of his apartment was not necessary to prevent the use of weapons or the destruction of evidence.

As to probable cause, the arrest was based upon information furnished by an informer who was well known to the FBI agents, and was regarded as trustworthy. It should be noted that the trial court permitted an inquiry as to the reliability of the informer. The government agent testified that he tested the reliability of the specific information provided and found it true and correct. Defendant's counsel was permitted to cross examine government witnesses as to the reliability of the informer. The District Court attempted to and did follow the procedure approved in McCray v. Illinois, 386 U.S. 300, 313, 87 S.Ct. 1056, 18 L.Ed.2d 62.

Furthermore, the agents had received additional information on the afternoon of the robbery and before the arrest, to the effect that the defendant and Morris Johnson were together at defendant's apartment about one hour before the robbery. Also the photographs taken at the robbery and examined by the agents, positively identified Morris Johnson as one of the two robbers. The photographs also showed that the second masked robber was wearing dark-rimmed glasses and had black hair.

We hold that there was adequate probable cause for the arrest.

We also disagree with defendant's argument that the search of the apartment was not incidental to his arrest. We think that due to the exigencies of the situation, the agents had the right, and indeed, the duty, to cause or make an immediate search.

The FBI agents knew that an automobile rented to a James Hill had been used as the get-away car. The agents had good reason to believe that at least one other person was involved in the robbery, and in all likelihood, would be at defendant's apartment. They had reliable information that weapons were located at the apartment, and that Johnson and defendant each had a reputation as a robber.

We hold that the search of the apartment was incidental to defendant's arrest and was valid. Warden, Maryland Penitentiary v. Hayden (1967), 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782; McDonald v. United States, 335 U.S. 451, 456, 69 S.Ct. 191, 93 L.Ed. 153; Piva v. United States, 1 Cir., 387 F.2d 609 (1967).

Defendant urges the evidence at the trial was insufficient to warrant the submission of instructions on aiding and abetting. We disagree.

In essence, the trial court charged the jury that defendant Durham could be found guilty of aiding and abetting the admitted robber Johnson if the jury found the following facts: 1) that Johnson was a principal to the robbery; 2) that defendant Durham wilfully associated himself with the bank robbery plot, and 3) that defendant Durham knowingly committed some act to make the bank robbery succeed. Furthermore, the Court told the jury they could not convict defendant Durham as an aider and abettor if it found that defendant had knowledge of the alleged crime but was merely present in the bank or acquiesced in the commission of the bank robbery. We find no error in the instruction given. United States v. Minieri, 2 Cir., 303 F.2d 550, cert. den. 371 U.S. 847, 83 S.Ct. 79, 9 L.Ed.2d 81.

The evidence clearly shows Morris Johnson was a principal in the robbery and was the shorter of the two masked men. Both men entered the bank at the same time. The taller man carried a shotgun and ordered the assistant manager of the bank to move away from his desk. Johnson then robbed the three tellers while the taller bandit moved about the bank and acted as a lookout.

Other points were raised by defendant which we find to be without merit.

John G. Stifler, Esq., of Chicago, Illinois, acted as court-appointed counsel

upon this appeal. The Court compliments Mr. Stifler on his able and devoted service rendered in this case.

The judgment of conviction of defendant Durham is

Affirmed.